# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVON WALKER, <br><br>　　　　　　Plaintiff, <br><br>　　　　v. <br><br>KYLIE GILLESPIE, ET AL., <br><br>　　　　　　Defendant(s). | Case No. CV 20-1853-DSF (KK) <br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.
## **INTRODUCTION**

Plaintiff Davon Walker ("Walker" or "Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging various violations of his civil rights. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.
## **ALLEGATIONS IN THE COMPLAINT**

On February 9, 2020, Walker, currently confined at the Sierra Conservation Center, constructively filed[1] the instant Complaint against Los Angeles Sheriff's

---
[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation

Department Deputy Sheriffs Kylie Gillespie and Stephan Bearer ("Defendants"). ECF Docket No. ("Dkt.") 1. The Complaint does not specify in what capacity(ies) each Defendant is sued.[2] Id.

According to the Complaint, on February 17, 2018, Walker was "framed" for an unspecified crime based on Defendants' "assumption that [he] committed a crime because [he is] black." Id. at 5. Walker alleges Defendants saw a black male wearing a blue shirt running from a crime scene and later arrested "that person." Id. Walker alleges he was stopped and searched, arrested, and investigated without any information other than "[him] being black." Id. Walker further alleges Defendants "fabricated statements," falsely imprisoned him, and forced him into a patrol car and drove him to a crime scene, "creating irreparable damage and negative impact to [Walker's] identification." Id.

Based on the above, Walker alleges violations of his Fourth, Eighth, and Fourteenth amendment rights. Id. Walker seeks compensatory, punitive and "discretionary" damages, attorneys fees, bond fees, specific performance, "civil remedy," "remedial action," and release from prison. Id. at 6.

### III.
### **STANDARD OF REVIEW**

Where a plaintiff is incarcerated and/or proceeding in forma pauperis, a court must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

---

omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] If Walker chooses to file an amended complaint, he must specify whether he is suing each defendant in his or her individual or official capacity, or both.

2

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume

the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### WALKER'S CLAIMS ARE HECK BARRED

**A.    APPLICABLE LAW**

A petition for a writ of habeas corpus "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Under Heck, a claim that "necessarily implie[s] the invalidity of [a] conviction or sentence [may] not be maintained under § 1983 unless the [plaintiff] proved 'that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination[s], or called into question by a federal court's issuance of a writ of habeas corpus.'" Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002) (quoting Heck, 512 U.S. at 486-87); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).

**B.    ANALYSIS**

While not entirely clear, in light of Walker's claims of being "framed," stopped and searched, falsely accused, and false imprisonment, it appears Walker is seeking to challenge a conviction on the grounds of illegal search and seizure, prosecutorial

4

misconduct, and insufficient evidence. Walker, however, has not shown his convictions have already been invalidated. See Nonnette, 316 F.3d at 875. The claims set forth in the Complaint are, thus, barred under Heck. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (finding "[i]f the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983."); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that Heck bars claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him.").

Accordingly, because Walker's claims necessarily imply the invalidity of his convictions, a petition for a writ of habeas corpus "is the exclusive remedy" for Walker to challenge his convictions and the Complaint is subject to dismissal.

## V.

## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with

1  the district judge as provided in the Local Rules Governing Duties of Magistrate
2  Judges.
3         Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the
4  service date of this Order, Plaintiff choose one of the following three options:
5         1.     Plaintiff may file a First Amended Complaint to attempt to cure the
6  deficiencies discussed above. <u>The Clerk of Court is directed to mail Plaintiff a blank
7  Central District civil rights complaint form to use for filing the First Amended
8  Complaint, which the Court encourages Plaintiff to use.</u>
9         If Plaintiff chooses to file a First Amended Complaint, he must clearly
10 designate on the face of the document that it is the "First Amended Complaint," it
11 must bear the docket number assigned to this case, and it must be retyped or
12 rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not
13 include new defendants or allegations that are not reasonably related to the claims
14 asserted in the Complaint. In addition, the First Amended Complaint must be
15 complete without reference to the Complaint, or any other pleading, attachment, or
16 document.
17        An amended complaint supersedes the preceding complaint. <u>Ferdik v.
18 Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat
19 all preceding complaints as nonexistent. <u>Id.</u> **Because the Court grants Plaintiff
20 leave to amend as to all his claims raised here, any claim raised in a preceding
21 complaint is waived if it is not raised again in the First Amended Complaint.**
22 <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).
23        The Court advises Plaintiff that it generally will not be well-disposed toward
24 another dismissal with leave to amend if Plaintiff files a First Amended Complaint
25 that continues to include claims on which relief cannot be granted. "[A] district
26 court's discretion over amendments is especially broad 'where the court has already
27 given a plaintiff one or more opportunities to amend his complaint.'" <u>Ismail v. Cty.
28 of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); <u>see also</u> <u>Ferdik</u>, 963 F.2d at

1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may file a notice with the Court that he intends to stand on the allegations in his Complaint.  If Plaintiff chooses to stand on the Complaint despite the deficiencies in all of Plaintiff's claims identified above, then the Court will submit a recommendation to the assigned district judge **that the entire action be dismissed as non-cognizable under <u>Heck</u> without prejudice to Plaintiff refiling the complaint if and when his conviction has been overturned**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

3. Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  <u>The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.</u>

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed without prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  April 10, 2020

HONORABLE KENLY KIYA KATO
United States Magistrate Judge